UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES ADAMS, et al.

               Plaintiffs,

         v.

GUILLERMO GHARIB, *et al.*

            Defendants.

Case No. 24-cv-9378 (LAK) (OTW)

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR *EX PARTE* MOTION TO SERVE DEFENDANTS BY ALTERNATIVE MEANS

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

III.    PLAINTIFFS' ATTEMPTS TO LOCATE THE FOREIGN DEFENDANTS ................. 3

        A.      Defendant Gharib ...................................................................................... 3

        B.      Defendant Harris ........................................................................................ 5

        C.      Defendant Biniaz ....................................................................................... 6

        D.      Defendant McInnes .................................................................................... 6

        E.      Defendant Schmidt ..................................................................................... 7

        F.      Defendant Wood ......................................................................................... 8

IV.     PLAINTIFFS' PROPOSED METHOD OF PROVIDING SERVICE .............................. 9

V.      ARGUMENT ....................................................................................................... 10

        A.      ALTERNATIVE SERVICE IS PERMITTED BY FED. R. CIV. P. 4(f) ........... 10

        B.      AN *EX PARTE* MOTION IS APPROPRIATE ................................... 15

VI.     CONCLUSION ................................................................................................... 15

WORD COUNT CERTIFICATION ................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*AES Gener, S.A. v. Compania Carbones del Cesar S.A.*,
  08 Civ. 10407 (WHP), 2009 U.S. Dist. LEXIS 70820 (S.D.N.Y. Aug. 12, 2009)................... 15

*Bandyopadhyay v. Defendant 1*,
  No. 22-CV-22907, 2022 U.S. Dist. LEXIS 212221  (S.D. Fla. Nov. 23, 2022) ............... 13, 14

*Blum v. Defendant "1" et al.*,
  No. 3:23-cv-24734-MCR-HTC (N.D. Fla. Dec. 17, 2023) ECF No. 10. ................................ 13

*Bowen v. Li*,
  No. 23-CV-20399, 2023 U.S. Dist. LEXIS 35975 (S.D. Fla. Mar. 3, 2023)..................... 13, 14

*Chow v. Defendant 1*,
  No. 24-CV-480, 2024 U.S. Dist. LEXIS 71604 (E.D. La. Apr. 19, 2024)........................ 11, 13

*Cunningham v. Gen. Motors LLC*,
  No. 20-CV-3097, 2020 U.S. Dist. LEXIS 147940 (S.D.N.Y. Aug. 17, 2020)........................ 11

*Doe v. Hyassat*,
  342 F.R.D. 53 (S.D.N.Y. 2022) ...................................................................................... 15

*Grp. One Ltd. v. GTE GmbH*,
  523 F. Supp. 3d 323 (E.D.N.Y. 2021) ............................................................................ 11

*Hudson Furniture, Inc. v. Mizrahi*,
  20 Civ. 4891 (PAC), 2020 U.S. Dist. LEXIS 159288 (S.D.N.Y. Sep. 1, 2020)..................... 15

*LCX AG v. John Doe Nos. 1-25*,
  No. 154644/2022 (Sup. Ct. N.Y. County) ................................................................ 13, 14

*Levin v. Ruby Trading Corp.*,
  248 F. Supp. 537 (S.D.N.Y. 1965) ............................................................................... 14

*Meghji v. Wallet Owner (In re Celsius Network LLC)*,
  666 B.R. 28 (Bankr. S.D.N.Y. 2024)...................................................................... 12, 13, 14

*Ohlin v. Defendant 1*,
  No. 3:23CV8856-TKW-HTC, 2023 U.S. Dist. LEXIS 107680 (N.D. Fla. June 8, 2023) ....... 13

*In re Oneplus Tech. Co.*,
  No. 2021-165, 2021 U.S. App. LEXIS 27282 (Fed. Cir. Sep. 10, 2021) ............................... 11

*Philip Morris USA Inc. v. Veles Ltd.*, No. 06 Civ. 2988,
  2007 U.S. Dist. LEXIS 19780 (S.D.N.Y. Mar. 12, 2007) ...................................... 13

*Pinkfong Co., Inc. v. 080*/*FGR*,
No. 25-cv-3640, 2025 U.S. Dist. LEXIS 95434 (S.D.N.Y. May 14, 2025) ............................ 15

*Sun v. Defendant 1*,
No. 23-CV-21855-RAR, 2023 U.S. Dist. LEXIS 120838 (S.D. Fla. July 13, 2023) .............. 13

*Yogaratnam v. Doe*, No.
2:24-cv-00393-NJB-KWR (E.D. La. February 23, 2024). ECF. No. 9 ................................. 13

## **Rules**

Fed. R. Civ. P. 12 ........................................................................................................................... 3

Fed. R. Civ. P. 4(e) ......................................................................................................................... 2

Fed. R. Civ. P. 4(f) ............................................................................................................... 3, 12, 13

N.Y. CPLR § 308(5) ........................................................................................................................ 2

## I.    <u>INTRODUCTION</u>

Plaintiffs[1] respectfully submit this memorandum of law in support of their motion to serve

the summons and Complaint on the foreign Defendants Guillermo Gharib, Ashley Harris, James

---

[1] Plaintiffs are James Adams, Joyce Adjei, Jimmie Ahlstrom, Hiren Aka Montu Govindbhai Patel, Yakup Alici, Krasthorn Alongkornrasmee, Eric Andersen, Michele Irene Arauz Castillo, Kevin Austin, Marc Aymerich, Chetan Bafna, Frank Bakker, Derek Barss, Claudio Bartschi, Michael Bauer, Florian Beck, Will Beinert, Christina Berta, Christopher Botto, Taylor Donald Brinton, Stephen Bruchet, Claire Brynycz, Kyle Burklund, Richard Buteyn, Hila Cage Coppola, Jeroen Campfens, Alpha Camps DAO, Marco Cantarutti, Keyshawn Carr, Cole Caudill, Pak Ho Ambrose Chan, Virapong Chandarasanti, Wilson Chin, Bernie Chiv, Alfie Chow, Michael Clarke, Maxime Coin, Mahius Concord, Chevrolet Cruz, Gabi Dagher, Haithem Dakhli, Finley Dale, Andrew Dalecki, Brody Daniels, Juan Carlos De Llano, Simon Dent, James Devlin, Jayden Di Palma, Akryd Institut Digital, Guillaume Dubost, Dennis Duncan, Albert Duncan, Eduardo Elizondo, Samrat Eltepu, Michael Enriquez, Kenneth Gamble, Timothy Gary, Massimo Gasparini, Stefan Gasselseder, Buta Cosmin Gheorghe, Shanjan Kumar Gnanasekar, Tim Goddard, Glenn Gordon, Rory Graman, Tim Grice, Deann Haist, Todd Hallam, Jason Haskell, Ashley Hautman, Michael Hazilias, Benjamin Heimann, Levi Hendrickson, Greg Hernacki, Ryan Hodder, Joel House, Seth House, Tasnuva Huda, Darshan Jalan, Foo Jee Ming, Jay Johansen Lim, Jordache Johnson, Bradley Kamieniarz, James Karavas, Rachael Kay, Daman Khaihra, Poovanut Khamhaeng, Mohammad Khan, Felix Kilga, Travis Kohler, Jonas Kolberg, Dominick La Spisa, Michael La Spisa, Lewis Langer, Marwan Laugier, Fernando Leal, Shaun Leggett, Daniel Lestarge, Johan Levaniants, Xiaotian Lin Lin, Michael Lord Microbilo Smith, Jack Louis, Aaron Lowe, Farah Manley, Aaron Markham, Pedro Martins, Duane Mateski, Sean Matthys, Darren Mattock, Marcus Maxwell, Colton Mccoy, Blake McElmurry, Mike McGuire, Johannes Meger, Georgi Merazchiev, Nicholas Mercier, Stephan Michels, Adrian Militaru, Casey Miller, Ivan Mladenovic, David Mooney, Christopher Morel, Ajeesh Mulavinal Mathew, Evan Murphy, Taito Myllynen, Glen Naughton, Carlos Navarro, Collin Neitzel, Charles Neitzel, Alessandro Nery, Nathan Nguyen, Michal Nguyen Van, Colton Nimz, Wesley Clarence Sy O, Brian Daniel Ochs, Colin Ogorman, Chun Seng Ong, Raymond Ong, Christian Oppl, Dipak Pandey, Dimitrios Papaioannou, Andrei Paraschiv, Mark Pearce, Egor Pelevkin, Wouter Peters, Georgios Petrou, Andreas Pierrou, Keith Pillsbury, Caroline Poisson, Harry-Antony Poulos, David Poynter, Christian Poynter, Stephen Poynter, Ivan Rajcic, Jhojan Eliecer Ramirez Beltran, Amit Rathod, Gavin Rennie, Joyal Rodrigues, Marc Rogers, Nelson Rosales, Mantas Ryzakovas, Sudhanshu Sachan, Dheeraj Sanjeev, Sean Santos, Anisha Keshav Sarin, Marc Sedillo, Paul Shuen Hwa Seo, Khurram Shah, Balazs Sinka, Raphael Soh, Michael Sparks, Nathan Spencer, Timo Sprotte, Zachary Staudt, Andrew Steedman, Mark Steen, Jason Steen, Christian Steffey, Clark Stewart, Yvo Stoots, Ryan Stout, David Street, Jonathan Succar, Sujith Sugathan, Rateb Suleiman, Mitchell Sun, Madhav Sunil Nath, Abdullah Swailimyeen, Sam Tait, Nicholas Tan, Tim Taylor, Alexander Simon Templeton, Samuel Thompson, Gregory Tiffany, Dikran Tokat, Wiljan Torrefiel, William Torrens, Daniel Trabold, Alvin Him Kheng Tung, Michael Tyler, Elaine Upton, Tamar Van Der Haas, Sander Van Der Vegte, Marta Vegas Coletas, Alexis Viprey, Edward Vonallmen, Jordan

Abbos Binaiz, Peter McInnes, Nicholas Schmidt, and Oliver Wood (collectively, "Foreign Defendants", and with Defendant Cyrus Abrahim "Defendants") by alternative means pursuant to Federal Rule of Civil Procedure 4(f) . Specifically, Plaintiffs seek to serve the Foreign Defendants by a combination of email, direct message, and non-fungible tokens ("NFTs") airdropped to their cryptocurrency wallets.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2024, Plaintiffs filed the Complaint in this action, with a corrected version of the Complaint filed on December 12, 2024. ECF 1, 5.

Plaintiffs allege that the Defendants engaged in a "cryptocurrency Ponzi scheme that exploited elements of traditional multi-level marketing programs to solicit and collect over $440 million in investments within a single year." ECF 5, ¶ 1. The Defendants enticed Plaintiffs to invest substantial digital assets in high-yield cryptocurrency investment pools and syndicates. The Defendants promised extraordinary returns, as high as 25% in seven days. *Id.* "Defendants promised that Defendant Gharib—a supposed 'genius-level trader'—managed these pools and would deliver unparalleled returns with little risk. Investors were assured of consistent profits while their funds were purportedly traded using proprietary algorithms and strategies." *Id.* ¶ 2. However, in actuality, the investment pools and syndicates were a Ponzi scheme. *Id.* ¶ 4. Plaintiffs collectively lost more than $20 million between investments in NFTs to access the investment pools, and their investments in the investment pools and syndicates. Plaintiffs assert claims against the Defendants for (a) violations of Sections 5 and 12(a)(1) of the Securities Act of 1933 for selling

---

Wadsworth, Vaibhav Wankhedkar, Cory Watkins-Suzuki, Katie Whitaker, Maciej Wilk, Benjamin Wojcik, Craig Zadrapa, Muhammad Waqas Zaman, and Adil Ziad.

unregistered securities, and (b) violations of Section 12(a)(2) for making materially false and misleading statements in connection with the sale of those securities. *Id.* ¶¶ 160-192.

Plaintiffs successfully served Defendant Abrahim on May 27, 2025, making his response to the Corrected Complaint due June 17, 2025. ECF 12 (summons returned executed). Defendant Abrahim moved to dismiss the Complaint on June 20, 2025. ECF 14.

## III.  PLAINTIFFS' ATTEMPTS TO LOCATE THE FOREIGN DEFENDANTS

Plaintiffs' counsel has been unable to locate addresses for summonses and the Complaint to be served on the Foreign Defendants pursuant to the Hague Convention or other means permitted by Rule 4(f)(1) or (2). Plaintiffs' counsel has attempted to contact Foreign Defendants by email or direct message to obtain an address for service of process or to mail a waiver of service of process, but this attempt has also been unsuccessful. Defendants live outside the United States, and traditional "skip trace" or other research sources are therefore unhelpful. Also, the investment pools and syndicates that are alleged to have been part of the Ponzi scheme are decentralized and lack traditional corporate structures, making it harder to identify official addresses or contact points for service.

### A.  Defendant Gharib

Defendant Gharib was last known to reside in Costa Rica. ECF 5 at 24. Plaintiffs' research efforts have identified three email addresses associated with Defendant Gharib: gjgharib@gmail.com, gjgharib@hotmail.com, and ggharib@ordendigital.com, based in part on his LinkedIn profile and the RocketReach research service. Declaration of Max Burwick in Support of Plaintiffs' *Ex Parte* Motion to Serve Defendants by Alternative Means (the "Burwick Decl.") ¶ 6. Information received by an open-source research service called OSINT Industries (www.osint.industries) confirmed that there are multiple online profiles with these email addresses that are associated with a user named Guillermo Gharib, including a LinkedIn profile that includes

a    photo    and    background    that    appears    to    be    Defendant    Gharib    at
https://www.linkedin.com/in/guillermo-gharib-698a263b/.  Burwick Decl. ¶ 7.  Defendant Gharib
also maintains an account on X at https://x.com/gm_japan_beai.  *Id.*  This research also associated
these email addresses with a dissolved company formed with Defendant James Abbos in the
United Kingdom, called PRG Investments, Ltd., further suggesting that these are appropriate email
addresses.  Burwick Decl. Ex. 1.    Notably, the OSINT Industries report indicated that the
gigharib@hotmail.com address has been used to sign into Microsoft services as recently as June
10, 2025.  Burwick Decl. ¶ 6.

Plaintiffs' counsel has also located Defendant Gharib's voter registration information
through the Costa Rican government, and has requested his registered address from the
government.  Burwick Decl. Ex. 2.  If Plaintiffs' counsel receives this information, we will inform
the Court.

Counsel for Plaintiffs sent an email to the gjgharib@gmail.com and gjgharib@hotmail.com
addresses on May 15, 2025, requesting additional address information.  Burwick Decl. ¶ 8.  No
response was received.  *Id.*

Guillermo Gharib is the Chief Executive Officer and founder of BeNFT. ECF 5 ¶ 24.  The
blockchain account 0x5BD904c6c0c6Ebe4fbC2DF455E2D6E6e014123F5 serves as BeNFT's
primary wallet. Burwick Decl. ¶ 9.

On-chain ENS records list "guillermogharib.eth" as both the "Manager" and the "Prev.
Owner" of this address, confirming Mr. Gharib's direct control.  *Id.* ¶ 10.  Further, Arkham
Intelligence  displays  the  distinctive  B-e-NFT  logo  as  the  wallet's  avatar  for
0x5BD904c6c0c6Ebe4fbC2DF455E2D6E6e014123F5, demonstrating that this account is
integrally tied to the BeNFT project he founded and administers.  *Id.*

B.    **Defendant Harris**

Defendant Harris's last known residency was in Thailand.  ECF 5 ¶ 25.  Plaintiffs' research efforts have identified two email addresses that are likely associated with Defendant Harris: ash.gharris@gmail.com and blade4life13@hotmail.com.    Burwick Decl. ¶ 11.    An OSINT Industries report confirmed that these gmail.com email addresses were associated with users with similar names and profile photos for Defendant Harris, further suggesting that these are appropriate email addresses.  *Id.*  Notably, the OSINT Industries report indicated that the gmail.com address has been used to sign into Google services as recently as June 6, 2025.  *Id.*

Counsel  for  Plaintiffs  sent  an  email  to  the  ash.gharris@gmail.com  and blade4life13@hotmail.com addresses on May 15, 2025, requesting additional address information. Burwick Decl. ¶ 12.  No response was received.  *Id.*

Ashley Harris is the founder and CEO of VispX, the web3 incubator that underwrote and launched the BeNFT/TradeAI project. As the Complaint details, VispX (co-founded by Harris) provided a $302,000 private token sale investment in BeNFT and "helped the platform to raise $302,000 through private token sales" in March 2023, before pivoting it into TradeAI. ECF 5 ¶ 44.

On-chain,  the  blockchain  account  0xa7c99c679D9f5666Df45cc2350c119586dA0091F functions as VispX's operational wallet. Burwick Decl. ¶ 13.  This linkage confirms that service upon  0xa7c99c679D9f5666Df45cc2350c119586dA0091F  is  reasonably  likely  to  reach  Ashley Harris in connection with VispX's role in incubating and promoting the TradeAI scheme.

### C. <u>Defendant Biniaz</u>

Defendant Biniaz's last known residence was in Dubai.  ECF 5 ¶ 27.  Using the screen name "jim_nft," (ECF 5 ¶ 27), Defendant Biniaz controlled the X account at https://x.com/jim_nft. On June 19, 2025, Plaintiffs sent a direct message containing the pleadings to the X account @Jim_NFT but did not receive a response.  Burwick Decl. ¶ 14.  Plaintiffs have not been able to locate a reliable email address for Defendant Biniaz.  *Id*.  In addition to the public reports of his prior criminal convictions (ECF 5 ¶ 27), Plaintiffs' research has only indicated his involvement with companies that have since dissolved (Burwick Decl. ¶ 14).

### D. <u>Defendant McInnes</u>

Defendant McInnes's last known residency was in Dubai.  ECF 5 ¶ 28.  Recently, Plaintiffs received a tip from an investigative journalist regarding Defendant McInnes's presence at a Dubai art conference, where he was observed presenting a "Banksy" artwork to a crowd of onlookers. Burwick Decl. ¶ 15.  Defendant McInnes is purported to own a "Banksy" artwork, and the image of the individual bears a likeness to a copy of a passport for "Patrick McInnes" obtained during the investigation.  *Id*.[2]  Plaintiffs also located social media posts regarding the unveiling of Defendant McInnes's owned Banksy artwork, "The White House Rat," at a Dubai Art Conference. Burwick Decl. ¶ 15.  According to social media posts from the event host, "Wonderwall Fine Arts," the conference was held on May 30, 2025, and a man resembling Defendant McInnes is seen in the video standing with the artwork he is purported to own.  *Id*.  Plaintiffs have also identified a possible match for Defendant McInnes as a director of a recently-formed company registered in the U.K. named "Waste Consul LTD," but it is unclear if service for Defendant

---

[2] Defendant McInnes is known both as "Patrick McInnes" and "Peter McInnes."  Burwick Decl. ¶ 16, Ex. 17 at page 2; ECF 5 ¶ 28.

McInnes would be proper in Liverpool, England if he is currently in Dubai.  Burwick Decl. ¶ 17. Plaintiffs' counsel has not identified an email address for Defendant McInnes.

The wallet address associated with the ENS name paddyisbored.eth 0x17D323CBB54dcF382B868F74798e2FFC89Ef42f1, reflecting the on-chain identity Mr. McInnes. *Id.* ¶ 18.  Defendant McInnes (a/k/a "Paddy") is one of the founders of the UA3 umbrella syndicate.  The UA3 Syndicate operational wallet address is 0x375C99E55B9C6F44CD84F0e3601b4a116DcAed68. *Id.*

### E.    Defendant Schmidt

Defendant Schmidt uses the screen name "Jampzer" on many social media platforms, and is a resident of Canada.  ECF 5 ¶ 29.  Jampzer operates the X accounts @Jampzer and @Jampzey, both of which link in the description to his involvement with On Chain Buccaneers (@ocbalpha) and Flare Labs (@FlareLabs_io), two projects which are also associated with Jampzer.  *See* https://x.com/Jampzey; https://x.com/Jampzer.  Defendant Schmidt also operates the "Jampzer-OCB" account on OpenSea.io, the popular NFT trading platform.  *See* https://opensea.io/0xa4c441f1d5b94a6cf826b81b596a74fdfca0477f (linking to the https://x.com/Jampzer account).  The FlareLabs.io website still lists "Jampzer" as a consultant, and the website has a "Contact" feature.  *See* https://flarelabs.io/team.

Defendant Schmidt is a co-founder of the On Chain Buccaneers (OCB) web3 community and promotes projects under the on-chain pseudonym "Jampzer".  Burwick Decl.  ¶ 21.  The Ethereum address  0x59a851891E2F0a1eA91351b042DD75b10aF095D0  is tied to Schmidt because Arkham Intelligence shows that wallet using the same "Jampzer" profile image he formerly used on Twitter, and the wallet name itself is "Jampzer." *Id.*  Activity logs confirm this address was in use as recently as June 20, 2025, demonstrating it remains under his control and is integrally linked to his OCB identity.  *Id.*

Plaintiffs' counsel have identified Ethereum account 0xa4c441f1D5b94a6Cf826b81B596A74fdFca0477F as the wallet associated with Defendant Schmidt's OpenSea profile. Burwick Decl. ¶ 20. Defendant Schmidt's OpenSea profile shows on-chain activity performed in the last several days. *Id.*

F.    **Defendant Wood**

Defendant Wood posted a link to his LinkedIn account on X under his account @Hydraze420 several times.  *See, e.g.*, https://x.com/Hydraze420/status/1473155917394976768, https://x.com/Hydraze420/status/1473154779014696963;    *see    also* https://www.linkedin.com/in/oliver-wood-5583b4143/. The LinkedIn history for Oliver Wood is consistent with Hydraze420's involvement with On Chain Buccaneers and Flare Labs.  Plaintiffs' counsel sent direct messages to these X accounts on their messaging systems, and did not receive a response.  Burwick Decl. ¶ 22.

As recently as January 25, 2025, Defendant Woods posted to his X account that he lives in Dubai.   https://x.com/Hydraze420/status/1883194737274028499.   Plaintiffs' counsel has been unable to locate a residential address for Defendant Wood in Dubai. Burwick Decl. ¶ 22.

The FlareLabs.io website still lists "Hydraze" as a founder, and the website has a "Contact" feature.  *See* https://flarelabs.io/team.

Research into the username "Hydraze420" also indicates that a Telegram messaging account is linked to Defendant Wood's X account. Burwick Decl. ¶ 22.  Since Telegram requires registration with a verified phone number, *id.*, it is reasonable to conclude that serving the complaint, exhibits, and summons via the Telegram messaging channel would reach the defendant.

Defendant Wood is a co-founder of the On Chain Buccaneers and promotes projects under the  on-chain  pseudonym  "Hydraze".  Burwick  Decl.  ¶ 24.  The  Ethereum  address

0x2a93E999816c9826aDe0B51AAa2d83240d8F4596 is directly associated with this pseudonym—Arkham Intelligence lists the wallet name as "Hydraze" and displays the same profile image Mr. Wood formerly used on Twitter—confirming his control. Activity logs show that this address was active as recently as June 20, 2025, demonstrating that service upon this account is reasonably likely to reach Defendant Wood in connection with his StakX-related activities. *Id.*

## IV.   PLAINTIFFS' PROPOSED METHOD OF PROVIDING SERVICE

Plaintiffs propose alternative service by an "all of the above" alternative method to ensure that the Foreign Defendants are aware of the lawsuit against them. This would include sending an email or direct message to those accounts that have been located, as well as airdropping an NFT to the wallets associated with each Foreign Defendant.

A cryptocurrency wallet functions as a unique digital identifier on the blockchain, serving as the fundamental mechanism for sending and receiving cryptocurrency funds. These wallets operate similarly to traditional banking accounts, where crypto assets such as NFTs or cryptocurrencies are stored. Each wallet address consists of a unique string of alphanumeric characters, typically ranging from 26 to 35 characters, that serves as a specific destination for cryptocurrency transactions.

The wallet address is generated through a cryptographic process that begins with a private key and undergoes cryptographic algorithms to produce a public key, which is then used to create the final wallet address. This process ensures the security and integrity of the address while maintaining the decentralized nature of blockchain networks. Each wallet address functions as a unique identifier that distinguishes one wallet from all others on the blockchain network.

A cryptocurrency "airdrop" represents a well-established marketing strategy that involves sending crypto assets such as coins or NFTs directly to digital wallet addresses, including allegedly by these Defendants in the scheme described in the Complaint. *See, e.g.*, ECF 5 at ¶¶ 10, 12, 39, 45.

Plaintiffs propose to airdrop a specific NFT to each of the Foreign Defendants' wallets described above. Burwick Decl. ¶ 25. The NFT will contains a simple image with instructions and a URL directing the recipient to a specific web page on a website maintained by Plaintiffs' counsel. *Id.* This web page will have the Corrected Complaint, the summons, and any other relevant documents, and it will have the "no index" setting to prevent it from being accessible by search engines. *Id.*

## V.    <u>ARGUMENT</u>

Plaintiffs have attempted to locate the Foreign Defendants in order to perfect the traditional methods of service. Unfortunately, they have not been successful. Therefore, it is reasonable to permit service on these individuals using an alternative method that is designed to provide them with reasonable notice of the claims against them. In this case, delivering notice of the lawsuit by emails, direct messages on social media, and airdropping an NFT with relevant information about the case is particularly appropriate considering that the Ponzi scheme alleged in the Complaint depended on promotions on social media and the sale of NFTs.

### A.    <u>ALTERNATIVE SERVICE IS PERMITTED BY FED. R. CIV. P. 4(f)</u>

Service via emails, direct messages, and airdropping NFTs with website posting satisfies the requirements of the Federal Rules and constitutional notions of due process. To the best of Plaintiffs' knowledge, the Foreign Defendants are located outside of the United States. Federal Rule of Civil Procedure 4(f) applies to service on individuals in a foreign country. Section 4(f)((1)

allows for service pursuant to an "internationally agreed means," such as the Hague Service Convention.  However, Plaintiffs are not certain where the Foreign Defendants reside.  When there is no "internationally agreed means," section 4(f)(2) allows for service pursuant to the foreign country's laws.  For example, while some Foreign Defendants might be in Dubai, the United Arab Emirates is not a signatory of the Hague Service Convention and does not accept Letters Rogatory, meaning that there is no formal method of service.  *See, e.g.*, https://www.dgrlegal.com/international-process-service-dubai-uae/.  Regardless, Plaintiffs have not located residential addresses for any Foreign Defendants.  *See also In re Oneplus Tech. Co.*, No. 2021-165, 2021 U.S. App. LEXIS 27282 (Fed. Cir. Sep. 10, 2021) (noting that 4(f)(3) is not subsumed by the other provisions, and allowing alternative service even when service under the Hague Service Convention was possible and unattempted).

Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders."  To be permissible under Rule 4(f)(3), the method of alternative service must not be prohibited by international agreement and must comport with constitutional notions of due process.  *See Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 342 (E.D.N.Y. 2021) ("Under Rule 4(f)(3), a court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." (quoting *Cunningham v. Gen. Motors LLC*, No. 20-CV-3097, 2020 U.S. Dist. LEXIS 147940, at *1–2 (S.D.N.Y. Aug. 17, 2020) (cleaned up)).  "Provided these conditions are met, the district court has considerable discretion to authorize alternative service means." *Chow v. Defendant 1*, No. 24-CV-480, 2024 U.S. Dist. LEXIS 71604, at *1 (E.D. La. Apr. 19, 2024) (internal quotation marks and citation omitted).  Service by email or NFT is not prohibited by international agreement, is reasonably calculated under the

circumstances here to put the Defendants on notice in accordance with due process standards, and is therefore an appropriate means of alternative service.

As the Bankruptcy Court for the Southern District of New York recently summarized the procedure,

> The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court. A court may require the parties to show that they have reasonably attempted to effectuate service on the defendants and that the circumstances are such that the court's intervention is necessary. Imposing such a requirement has been viewed as necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts. But nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service . . . before granting an order permitting alternative service under Rule 4(f)(3).

*Meghji v. Wallet Owner (In re Celsius Network LLC)*, 666 B.R. 28, *33-34 (Bankr. S.D.N.Y. 2024) (citations and quotations omitted; cleaned up).

Here, as discussed above, Plaintiffs have taken reasonable steps to effectuate service on the Foreign Defendants, including reaching out by email and direct message where available, but Plaintiffs have been unable to complete service so far.

The *Meghji* court recognized that conducting service by airdropping an NFT to a wallet that is controlled by the defendant is similar to allowing service by email: *Meghji*, 666 B.R. at *34 ("Courts have found that service by email satisfies due process when the movant has supplied some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address."). The rationale is whether service by these means will be reasonably likely to apprise defendants of the action. *Id.* at *35. As noted in the Complaint, the core of the behaviors involved selling NFTs to gain access to "investment" syndicates. *See generally*, ECF 5. Furthermore, it is likely that many of the Foreign Defendants are already aware of this case given the press coverage and tight-nit online communities. *See, e.g.*,

https://www.law.com/newyorklawjournal/2024/12/13/investors-sue-in-new-york-over-440m-international-crypto-ponzi-scheme/.  In fact, Plaintiffs' counsel was previously in communications with counsel for Defendant Schmidt regarding this lawsuit, but that counsel has informed Plaintiffs' counsel that he is not currently representing Defendant Schmidt and he is not authorized to accept service.  Burwick Decl. ¶ 19.

As noted in the *Meghji* decision, several other courts have granted similar motions for alternative service via NFT, finding that they comport with due process.  *Meghji*, 666 B.R. at 37 (collecting cases).[3]  "[T]he Constitution itself does not specify or require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."  *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 Civ. 2988, 2007 U.S. Dist. LEXIS 19780, at *8 (S.D.N.Y. Mar. 12, 2007).  Accordingly, to satisfy due process, a method of

---

[3] *See, e.g., Polansky v. Defendant 1,* No. 23-21852-CIV, 2023 U.S. Dist. LEXIS 154930, *at* *6 (S.D. Fla. Aug. 31, 2023) (authorizing service via NFT and website posting on cryptocurrency wallets alleged to have received stolen cryptocurrency where the defendant utilized the internet, blockchain technology, and the wallet at issue to receive the allegedly stolen assets at issue); Order at 5–6, *Yogaratnam v. Doe*, No. 2:24-cv-00393-NJB-KWR (E.D. La. February 23, 2024), ECF No. 9 (finding that service via NFT transfer and website posting was reasonably calculated to provide notice of the suit given that plaintiff met the defendants online and cryptocurrency blockchain technology was used in the transfers at issue); *Chow*, 2024 U.S. Dist. LEXIS 71604, at *2 (service by NFT electronic transfer and website posting was reasonably calculated to provide notice where plaintiff alleged "that her communication with Defendant occurred exclusively online and that the cryptocurrency scheme was facilitated online using cryptocurrency blockchain technology"); *Ohlin v. Defendant 1*, No. 3:23CV8856-TKW-HTC, 2023 U.S. Dist. LEXIS 107680, at *2 (N.D. Fla. June 8, 2023) (permitting service of the amended complaint via NFT); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2022 U.S. Dist. LEXIS 212221, at *6 (S.D. Fla. Nov. 23, 2022) (NFT and posting on a designated website were reasonably calculated to give notice given courts regularly permit service by email and website posting, and the defendants "conducted their alleged scheme using electronic means over the Internet and using cryptocurrency blockchain ledger technology"); *Bowen v. Li*, No. 23-CV-20399, 2023 U.S. Dist. LEXIS 35975, at *6 (S.D. Fla. Mar. 3, 2023) ("NFT and posting on a designated website are reasonably calculated to give notice to Defendants."); *Sun v. Defendant 1*, No. 23-CV-21855-RAR, 2023 U.S. Dist. LEXIS 120838, at *4 (S.D. Fla. July 13, 2023) (same); *Blum v. Defendant "1" et al.*, No. 3:23-cv-24734-MCR-HTC (N.D. Fla. Dec. 17, 2023) ECF No. 10. (granting service via WhatsApp, blockchain transfer of NFT to Crypto Wallet addresses, and website posting); Order to Show Cause at 6, *LCX AG v. John Doe* Nos. 1-25, No. 154644/2022 (Sup. Ct. N.Y. County – Filed 07/19/2022), ECF No. 76 (ordering the plaintiff to serve the order via NFT and website posting on unknown defendants).

service need only be "reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard; and the practicalities in a given case are a factor in determining whether constitutional requirements have been satisfied." *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 540–41 (S.D.N.Y. 1965); *see also Grp. One Ltd.*, 523 F. Supp. 3d at 344 ("The Due Process Clause requires that the alternative means of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950))). *See also* Jenifer Jackson, Airdropping Justice: The Constitutionality of Service of Process via Non-Fungible Token, 32 Cath. U. J. L. & Tech 205 (2023), available at: https://scholarship.law.edu/jlt/vol32/iss1/9 (reviewing due process concerns of service by NFT in *LCX AG v. John Doe* Nos. 1-25, No. 154644/2022 (Sup. Ct. N.Y. County – Filed 06/01/2022) and concluding that it is acceptable). In fact, the *Meghji* court noted that it "has not found any cases holding otherwise." 666 B.R. at * 37.[4]

The facts here are almost identical to the mentioned cases permitting service by email or NFT. Service via NFTs airdropped to a defendant's cryptocurrency wallet is reasonably calculated to provide notice and comports with due process requirements when the defendant's location is unknown but the wallet has been actively used. *See Bandyopadhyay*, 2022 U.S. Dist. LEXIS 212221, at *6; *see also Bowen*, 2023 U.S. Dist. LEXIS 35975, at *6.

---

[4] New York courts have allowed service via deposit of a crypto asset in a wallet and website posting as a permissible method of alternative service under New York law. The court ordered service of an unknown wallet owner by delivering a token and website posting because other means of service under CPLR §§ 308(1)–(4) were impracticable under the circumstances given the plaintiff lacked contact information for the defendant. *See, e.g., LCX AG v. John Doe Nos. 1-25*, Decision and Order on Motion, Motion No. 002, Index No. 154644/2022 (Sup. Ct. N.Y. County – Filed 8/21/2022) (granting alternative service by delivery of a token to a crypto wallet).

Plaintiffs have valid cryptocurrency wallets addresses of these Defendants.  The record establishes that Defendants maintain and actively use specific cryptocurrency wallet addresses that are publicly verifiable on the blockchain.

Under these circumstances, service by email, direct message, and NFT is reasonably calculated to provide the Defendants with notice of the proceedings and therefore comports with due process.

### B.    AN *EX PARTE* MOTION IS APPROPRIATE

At this point, no Foreign Defendant has appeared in this action.  Plaintiffs therefore are moving *ex parte* to seek this relief.  *Doe v. Hyassat*, 342 F.R.D. 53 (S.D.N.Y. 2022) (an *ex parte* motion for alternative service on a defendant in a foreign country was granted.); *Pinkfong Co., Inc. v. 080\*/\*FGR*, No. 25-cv-3640, 2025 U.S. Dist. LEXIS 95434 (S.D.N.Y. May 14, 2025) (same); *Hudson Furniture, Inc. v. Mizrahi*, 20 Civ. 4891 (PAC), 2020 U.S. Dist. LEXIS 159288 (S.D.N.Y. Sep. 1, 2020) (same); *AES Gener, S.A. v. Compania Carbones del Cesar S.A.*, 08 Civ. 10407 (WHP), 2009 U.S. Dist. LEXIS 70820 (S.D.N.Y. Aug. 12, 2009) (same).

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order authorizing alternative service on Defendants via an "all of the above" method where the Complaint and the summons will be provided by email, direct messages, and NFTs airdropped to a Foreign Defendant's cryptocurrency wallet.

Specifically, Plaintiffs request an order allowing alternative service against the Foreign Defendants in the following manner:

- Defendant Gharib:

  o by email to the addresses gjgharib@gmail.com, gjgharib@hotmail.com, and ggharib@ordendigital.com;

  o by direct message to his LinkedIn and X.com accounts;

  o and the wallet 0x5BD904c6c0c6Ebe4fbC2DF455E2D6E6e014123F5.

- Defendant Harris:

  o by email to ash.gharris@gmail.com and blade4life13@hotmail.com;

  o and the wallet 0xa7c99c679D9f5666Df45cc2350c119586dA0091F.

- Defendant Biniaz:

  o by direct message to his account at https://x.com/jim_nft.

- Defendant McInnes:

  o the wallet 0x17D323CBB54dcF382B868F74798e2FFC89Ef42f1.

- Defendant Schmidt:

  o by direct message to his X accounts at https://x.com/Jampzey and https://x.com/Jampzer;

  o by using the "Contact" feature at FlareLabs.io;

  o and the wallets 0xa4c441f1D5b94a6Cf826b81B596A74fdFca0477F and 0x59a851891E2F0a1eA91351b042DD75b10aF095D0.

- Defendant Wood:

  o by direct message to his X account at https:/x.com/Hydraze420 and LinkedIn account, as well as the Telegram account associated with the X account;

  o by using the "Contact" feature at FlareLabs.io;

    o   and the wallets 0x2a93E999816c9826aDe0B51AAa2d83240d8F4596.

Dated: June 20, 2025
      New York, NY

Respectfully submitted,

**WOLF POPPER LLP**

*/s/ Chet B. Waldman*
Chet B. Waldman
cwaldman@wolfpopper.com
Joshua W. Ruthizer
jruthizer@wolfpopper.com
Matthew Insley-Pruitt
minsley-pruitt@wolfpopper.com
Terrence Zhang
tzhang@wolfpopper.com
845 Third Avenue, 12th Floor
New York, New York 10022
Telephone: (212) 759-4600

Max Burwick
max@burwick.law
BURWICK LAW, PLLC
43 West 43rd Street, Suite 114
New York, NY 10036

*Attorneys for Plaintiffs*

## <u>WORD COUNT CERTIFICATION</u>

Pursuant to Southern District of New York Local Civil Rule 7.1(c), the undersigned hereby certifies that this memorandum of law contains 4,794 words, excluding the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates. I utilized the word count of the word-processing program used to prepare the document in order to obtain that word count.

*/s/ Matthew Insley-Prutt*
Matthew Insley-Pruitt
