UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES ADAMS, et al.

Plaintiffs,

-against-

24-cv-9378 (LAK)

GUILLERMO GHARIB, et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 3/23/2026

**MEMORANDUM AND ORDER DENYING
MOTION TO DISMISS THE COMPLAINT**

LEWIS A. KAPLAN, *District Judge*.

This action arises from an alleged Ponzi scheme in which defendants allegedly induced investors to purchase and hold valueless non-fungible tokens ("NFTs") and cryptocurrency to access supposedly high-yield cryptocurrency investment pools. These investment pools – or "syndicates" or "pods" as defendants called them in successive iterations of the alleged scheme – promised returns that were too good to be true. Plaintiffs claim to have lost more than $20 million as a result of defendants' actions and have sued defendants for various violations of the Securities Act of 1933. Defendant Cyrus Abrahim moves to dismiss under Rules 12(b)(2), 12(b)(3), and 12(b)(5).

2

### *Discussion*

In a thorough report and recommendation (the "R&R"), Magistrate Judge Ona T. Wang recommends that the Court deny Abrahim's motion.[1]  Abrahim objects, asserting that "[t]his case has nothing to do with New York," and therefore personal jurisdiction over him is lacking and venue is improper.[2]  He maintains also that he was not served properly.  The Court addresses each objection in turn.

*Personal Jurisdiction*

In addition to claiming that "[t]his case has nothing to do with New York," Abrahim accuses the R&R of "misapprehend[ing] . . . the controlling law" with respect to personal jurisdiction.[3]  But it is Abrahim who misunderstands the jurisdictional provision of the Securities Act.[4]  Because jurisdiction here "flows from a federal statutory grant that authorizes suit under federal-question jurisdiction and nation-wide service of process, . . . the Fifth Amendment applies, and the Second Circuit has consistently held that the minimum-contacts test in such circumstances looks to contacts with the entire United States rather than with the forum state."[5]

---

[1]  R&R Mot. Dismiss (Dkt 26).

[2]  Abrahim's Obj. R&R Mot. Dismiss (Dkt 27) at 1.

[3]  *Id*.

[4]  15 U.S.C. § 77v(a).

[5]  *SEC v. Morton*, No. 10-cv-1720, 2011 WL 1344259, at *12 (S.D.N.Y. Mar. 31, 2011) (collecting cases), *R&R adopted by* 2011 WL 11768504 (S.D.N.Y. Nov. 3, 2011) (LAK).

3

Even if Abrahim's claim that this case lacks ties to New York were true, this Court would have jurisdiction over him. He resides in the United States and thus has at least minimal contacts with it.[6] He moreover fails to show why the exercise of jurisdiction over him would be unreasonable beyond alerting the Court to his professed inability to see any "reason for this case to burden this Court's docket."[7] While the Court appreciates his concern, it nonetheless entirely agrees with the R&R's explanation of why exercising jurisdiction over him would be reasonable.[8] Abrahim's Rule 12(b)(2) challenge is meritless.

*Venue*

Abrahim objects to venue also based on his assertion that he does not live or do business in New York. Venue under the Securities Act is proper in any "district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein."[9] An offer "include[s] every attempt . . . to dispose of . . . a security or interest in a security, for value."[10]

---

[6]

*Mariash v. Morill*, 496 F.2d 1138, 1143 (2d Cir. 1974).

[7]

Abrahim's Obj. (Dkt 27) at 8.

[8]

*See* R&R (Dkt 26) at 15.

[9]

15 U.S.C. § 77v(a).

[10]

*Id.* § 77b.

4

Indeed, Abrahim does not reside in this district. The Court, however, need not decide whether he transacts business here.[11] It is sufficient for venue purposes that he offered in this district his "Supreme Kong" and "Jungle Labz" tokens for investors to buy into the alleged Ponzi scheme.[12] He promoted at least one event in this district during the alleged scheme for holders of his tokens to drum up interest in his tokens.[13] He furthermore advertised listings of his tokens during the alleged scheme on OpenSea, an exchange that appears to be headquartered in this district.[14] Promoting his tokens and using an exchange within this district to sell them here constituted sufficiently important steps in the alleged scheme to make venue here proper.[15] Abrahim's Rule 12(b)(3) challenge thus fails as well.

---

[11]  Nor must the Court decide whether this case involves securities. Abrahim did not move to dismiss nor did he object to the R&R on such grounds.

[12]  *See* Corrected Compl. (Dkt 5) ¶¶ 122-29.

[13]  Burwick Decl. Supp. Pls.' Opp'n Mot. Dismiss, Ex. C (Dkt 23-3) at 2, 4-7; *id.*, Ex. D (Dkt 23-4) at 2.

[14]  *Id.*, Ex. A (Dkt 23-1) at 19-22, 25-28; *id.*, Ex. E (Dkt 23-5) at 2-6.

[15]  *See Steinberg & Lyman v. Takacs*, 690 F. Supp. 263, 267 (S.D.N.Y. 1988) ("It is clear in this circuit that 'any non-trivial act in the forum district which helps to accomplish a securities law violation is sufficient to establish venue.'") (quoting *First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 634 F. Supp. 1341, 1350 (S.D.N.Y. 1986) and collecting cases); *SEC v. Contrarian Press, LLC*, No. 16-cv-6964, 2017 WL 4351525, at *2 (S.D.N.Y. Sept. 29, 2017) (same); *Mariash*, 496 F.2d at 1144-45 (holding venue proper where defendant used transfer agent in this district to remove restrictions on shares that then were used to manipulate the market); *see also United States v. Chow*, 993 F.3d 125, 143 (2d Cir. 2021) ("Where the defendant is charged with an offense involving the trading of securities on a stock exchange located in the SDNY, venue in that district is appropriate.").

*Service of Process*

Abrahim finally objects to the R&R's conclusion that he was served properly when plaintiffs delivered a copy of the complaint and summons to his father at his father's residence. In light of Abrahim's averment that his father's residence is not his own or usual place of abode and that he instead has "lived for the last several years at the same apartment elsewhere in Washington, D.C., only a few miles away from [his] father's home, with a lease in [his] own name,"[16] the Court cannot conclude that Abrahim has been served properly yet. However, service of process is not a game of hide-and-seek that Abrahim can win.[17] He has known about this lawsuit since it was filed,[18] so his Rule 12(b)(5) objection appears to merely delay the inevitable. The Court accordingly extends to April 22, 2026, plaintiffs' deadline to serve Abrahim or move for substitute or alternative service. He is hereby directed to disclose to plaintiffs' counsel – in writing and on or before March 31, 2026 – the full address of his usual place of abode.

---

[16] Abrahim Decl. Supp. Mot. Dismiss (Dkt 24) ¶ 2.

[17] *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972); Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

[18] Burwick Decl., Ex. G-2 (Dkt 23-7).

6

### *Conclusion*

For the foregoing reasons, Abrahim's motion to dismiss the complaint (Dkt 14) is denied. Abrahim, on or before March 31, 2026, shall disclose the full address of his usual place of abode to plaintiffs' counsel. Failure to do so may result in the entry of a judgment by default against him, other sanctions, or both.

SO ORDERED.

Dated:        March 23, 2026

_____

Lewis A. Kaplan
United States District Judge